NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000089
21-MAY-2018
10:33 AM

NO. CAAP-18-0000089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAREN K. ABERSOLD, Claimant/Appellant/Appellant,
v.
A MARKETING RESOURCE, LLC, Employer/Appellee/Appellee,
and
STATE FARM INSURANCE, Insurance Carrier/Appellee/Appellee

APPEAL FROM THE DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
DISABILITY COMPENSATION DIVISION
(CASE NO. 2-13-04995)

ORDER
GRANTING APRIL 18, 2018 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of (1) Employer/Appellee/Appellee
A Marketing Resource, LLC's (A Marketing Resource) and Insurance-
Carrier/Appellee/Appellee State Farm Insurance's (State Farm)
April 18, 2018 motion to dismiss appellate court case number
CAAP-18-0000089 for lack of appellate jurisdiction, (2) the
April 23, 2018 objection and memorandum by Claimant/Appellant/
Appellant Karen K. Abersold (Abersold), pro se, in response to
A Marketing Resource's and State Farm's April 18, 2018 motion,
and (3) the record, it appears that we lack appellate
jurisdiction over the Labor and Industrial Relations Appeals

Board's[1] (LIRAB) two interlocutory orders that are the subject of Abersold's appeal: (1) a January 10, 2018 order denying Abersold's December 21, 2017 motion to summarily overturn the Director of Labor and Industrial Relations' December 1, 2017 decision, and (2) a January 10, 2018 notice to the parties of a January 29, 2018 initial conference, a July 19, 2018 settlement conference, and an October 31, 2018 trial in LIRAB Case No. AB 2017-323. As explained below, neither of these two January 10, 2018 interlocutory orders qualifies as an appealable final order under Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2017).

While HRS § 386-88 authorizes an appeal from a LIRAB final order directly to this court, HRS § 91-14(a) governs the appealability requirements for any LIRAB order.

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr., 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). For the purpose of determining whether an order from a workers' compensation matter is an appealable final order, the Bocalbos court adopted the benefit rule (id. at 440, 974 P.2d at 1030) under which "an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). For example, "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of permanent disability has been left for later determination." Bocalbos, 89 Hawai'i at 443, 974 P.2d at 1033.

---

[1] At all relevant times, the Labor and Industrial Relations Appeals Board appears to have been composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui and Member Marie C. Laderta in LIRAB Case No. AB 2017-323.

In contrast, when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. <u>Mitchell v. State Dep't. of Educ.</u>, 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation omitted).

In the instant case, neither of the two January 10, 2018 interlocutory orders finally adjudicates a benefit or penalty under the worker's compensation law. Instead, the two January 10, 2018 orders are preliminary orders by the LIRAB. Consequently the two January 10, 2018 interlocutory orders lack the requisite finality under HRS § 91-14(a) to qualify as appealable final orders under HRS § 386-88. Absent an appealable final decision and order, we lack appellate jurisdiction, and Abersold's appeal is premature.

Therefore, IT IS HEREBY ORDERED that A Marketing Resource and State Farm's April 18, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000089 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 21, 2018.

Chief Judge

Associate Judge

Associate Judge